**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THURMAN HARVEY HINES,

                Petitioner-Appellant,

        v.

MIKE MULLIN, Warden,

                Respondent-Appellee.

No. 07-6134

Western District of Oklahoma

(D.C. No. 07-CV-196-W)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Thurman Harvey Hines, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Hines has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

Appellant challenges his convictions in Case No. CF-95-2234 and Case No. CF-04-7025. In Case No. CF-95-2234, Mr. Hines pleaded guilty to one count of possession of a controlled dangerous substance with intent to distribute and to one count of possession of a controlled dangerous substance without a tax stamp. In Case No. CF-04-7025, he pleaded guilty to two counts of lewd acts with a child under sixteen after former conviction of a felony.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court denies a habeas petition on procedural grounds, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)**.**

We deny Mr. Hines's request for a COA because, as the district court held, the one year statute of limitations for an application for a writ of habeas corpus has expired. *See* 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a federal prisoner to file for federal habeas relief within one year after his conviction becomes final or within one year after "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4).

In Case No. CF-95-2234, judgment was entered on July 12, 2001. Mr. Hines had ten days from the date of conviction to withdraw his guilty plea. *See* Rule 4.2(A), *Rules of Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. The conviction therefore became final for purposes of the statute of limitations on July 22, 2001, and the statute of limitations expired on July 22, 2002. In Case No. CF-04-7025, judgment was entered on September 23, 2005. Again Mr. Hines had ten days to withdraw his plea. He did not move to withdraw his plea, so the conviction became final for limitations purposes on October 3, 2005; accordingly, the limitations period expired on October 3, 2006. Mr. Hines did not file this petition challenging both convictions until February 15, 2007. The petition was therefore untimely, and no reasonable jurist could conclude otherwise.

The one-year statute of limitations may be subject to equitable tolling, but such relief is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Simple excusable neglect is not sufficient. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Mr. Hines offers no sufficient reason for delay. He does allege that he sent his petition to the district court within the one year statute of limitations, but as the district court found, he provides no support for this claim. An independent review of the record reveals no report of any filing by Mr. Hines during that time.

## Conclusion

Accordingly, we **DENY** Mr. Hines's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge